**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| TERRY MASSEY | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1-08-cv-00261 |
| ERNEST LEWIS, et al. | * | |
| Defendants | * | |

* * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANTS' CORNERSTONE TITLE & ESCROW, INC. AND SEAN ADETULA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Terry Massey ("Ms. Massey"), by the undersigned counsel, submits this reply to the limited opposition of Defendants Cornerstone Title & Escrow ('Cornerstone") and Sean Adetula ("Adetula") to her Motion for Partial Summary Judgment. In her motion Ms. Massey requested that the Court enter a partial summary judgment against Defendants Cornerstone, as to liability only, for their violations of the Protection of Homeowners in Foreclosure Act ("PHIFA") Protection of Homeowners in Foreclosure Act ("PHIFA"), MD. CODE ANN. REAL PROP. § 7-301 *et seq.* (LexisNexis 2003 & Supp. 2006).[1] Cornerstone and Adetula have in their opposition conceded certain material facts by failing to respond or even address those facts in their opposition. In addition, Cornerstone and Adetula freely admit that neither acted within the scope of their licenses from the State of Maryland and Maryland Insurance Administration in Ms.

[1] The Maryland General Assembly made amendments to PHIFA in 2008, however these amendments do not apply to the case at hand since the subject transaction occurred after the initial version of PHIFA became law in May 2005. For the benefit of the Court, hereinafter all PHIFA sections cited are taken from Md. Code Ann. Real Prop. § 7-301 *et seq*. (LexisNexis 2003 & Supp. 2006).

Massey's transaction—thereby there is no material dispute as a matter of law that they are not exempt from PHIFA liability and are therefore liable to Ms. Massey for the damages for their violations.

## ARGUMENT

### 1. Standard for Opposition to Summary Judgment

Rule 56 provides in relevant part that

> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, *its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial*. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

MD. R. 56(c) (emphasis added).

However, opposition affidavits should not carry significant weight to create a genuine issue for trial when they conflict with earlier testimony of the same witness about the same set of core facts. *See U.S. v. Dercacz*, 530 F.Supp. 1348 (D.C.N.Y.1982) (when an affidavit conflicts with former testimonial evidence, the question is whether the affidavit raises genuine issues of fact; however, triable issues of fact cannot be created merely by sworn statements, conflicting with previous testimony, submitted for the purpose of opposing summary judgment); *Shearer v. Homestake Mining Co.*, 557 F.Supp. 549 (D.C.S.D.1983) (When a witness has given testimony both by affidavit and by deposition, the two forms should be considered on a motion for summary judgment, but greater reliability is usually attributed to the deposition and summary judgment may be granted based on the deposition testimony if the court is satisfied that the issue potentially created by the affidavit is not genuine); and

*Van T. Junkins & Assocs., Inc. v. U.S. Industries, Inc.* 736 F.2d 656 (11th Cir. 1984) (a party has given clear answers to unambiguous deposition questions that negate the existence of any genuine issue of material fact, that party cannot thereafter create an issue and thereby defeat summary judgment with an affidavit that merely contradicts, without explanation, the deposition testimony).

In addition, the Fourth Circuit has "consistently held that a party cannot create a triable issue in opposition to summary judgment simply by contradicting his deposition testimony with a subsequent affidavit." *Hernandez v. Trawler Miss Vertie Mae, Inc.,* 187 F.3d 432, 438 (4th Cir.1999).

**2. Adetula and Cornerstone Concede Certain Facts As to Liability Pursuant to PHIFA**

As Ms. Massey stated in her opening motion, there are many interesting facts and sub-texts to this case which are relevant to the overall scheme to defraud her and tens of other vulnerable homeowners. However, these facts do not create genuine issues of material fact rendering Plaintiff's Motion for Partial Summary Judgment inappropriate. Rather than draw the Court's attention and resources to those facts which are not appropriate for summary judgment, Ms. Massey focused her motion against Adetula and Cornerstone on those facts not in dispute concerning their liabilities under PHIFA. Those material facts presented by Ms. Massey to which Cornerstone and Adetula have provided no response in their opposition include:

- **Material Fact #9:** Cornerstone and Adetula knowingly conducted the subject transaction in violation of the automatic stay of Ms. Massey's bankruptcy case.

- **Material Fact #10:** Cornerstone prepared a false HUD-1 Settlement statement and converted or misappropriated funds intended for Ms. Massey to Winston Thomas.

- **<u>Material Fact #11:</u>** Cornerstone and Adetula had notice of Ms. Massey's PHIFA rescission recorded in the land records on or about October 11, 2006.

- **<u>Material Facts #12 & #16:</u>** With notice of Ms. Massey's PHIFA rescission and this lawsuit Cornerstone and Adetula recorded E. Lewis' fraudulent mortgages and deed to be recorded in the land records of Baltimore City months after Ms. Massey had lawfully rescinded the transaction.

- **<u>Material Fact #14:</u>** Cornerstone and Adetula assisted Earnest Lewis in encumbering Ms. Massey's property.

- **<u>Material Fact #15:</u>** Cornerstone and Adetula knew about PHIFA and its requirements and ignored them.

Having not sufficiently responded to these material facts presented and supported in Ms. Massey's opening motion,[2] Cornerstone and Adetula concede Ms. Massey's belief that there is no dispute as to these material facts.

### 3. PHIFA's Exemption for Title Insurance Producers

Cornerstone and Adetula argue that they are exempt from liability under PHIFA because each is a licensed title producer and PHIFA specifically exempts such professionals from liability under its provisions. *See generally* Opp. 6-7.

It is true that PHIFA provides a limited exception from its coverage for "[a] title insurance producer licensed in the State, while performing services in accordance with the person's license." MD. CODE ANN. REAL PROP. §7-302(a)(6) (2008) (emphasis supplied). However, no exception is available for a licensed insurance producer while

[2] The Defendants do respond by sharing with the Court with a series of facts which are not relevant to Ms. Massey's motion as to PHIFA liability and remain in dispute.

not performing services in accordance with their license. The Insurance Article states in relevant purposes as follows:

> A title insurance producer may not convert or misappropriate money received or held in escrow or trust while: (1) acting as a title insurance producer; or (2) providing any escrow, closing, or settlement services.

MD. CODE ANN. INS. §10-121(a) (2006).

Judge Titus has previously explained regarding this identical PHIFA exemption "I do not find that the exemption -- the licensing exemption brings them outside the scope of [PHIFA] because the activities here are misappropriation of money. That's an activity that's not authorized by their license which, as I said before, is not a license to steal." Hearing Transcript, Unreported Opinion & Order, *Proctor et al. v. Metropolitan Money Store et al.*, No. RWT-07-1957 slip op. trans. at page 105 (attached hereto as **Exhibit 1**).

There is no dispute that Ms. Massey has averred and alleged[3] and Adetula and Cornerstone freely admit that as part of the subject transaction that it either (1) converted or (2) misappropriated money held in escrow to Winston Thomas of Carteret Mortgage and not to Terry Massey.[4] Adetula admits in his opposition affidavit "Cornerstone…delivered Plaintiff's settlement check to Mr. Thomas." Aff. of Sean Adetula, Exhibit 1 to Opp. at ¶ 8.

At the time of the transaction, September 13, 2006, Mr. Adetula certified, while aware that making false statements on the HUD-1 for the transaction was a federal crime, that "[t]he HUD-1 Settlement Statement which I have prepared is a true and accurate

[3] Plaintiff's Exhibit 5, Affidavit ¶ 12.

[4] There is a dispute as to whether or not Ms. Massey requested and/or authorized Cornerstone to provide her settlement check to Winston Thomas. However, this dispute is not relevant to the fact that Adetula and Cornerstone converted and/or misappropriated the funds to Winston Thomas and therefore acted outside the scope of any exemption PHIFA might have otherwise provided them.

account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement." Exhibit A, Opp. at page 2 (Sean Adetula's signature and certification). He even acknowledged at the time of the transaction to the funding lender that he was not permitted to hold any escrows by the lender, Millennium Bank, NA, without its prior authorization. **Exhibit 2**, Lender Closing Instructions at 1, 3.

While Adetula attempts in his affidavit in opposition to summary judgment to create a genuine issue of material fact, his affidavit is directly contradictory to his previous, contemporaneous certifications under penalties of perjury and other representations to third parties and should not be given little or no weight. *Hernandez, ,* 187 F.3d 432 . Adetula's affidavit also contradicts his previous deposition testimony concerning his understanding of PHIFA and the red flags for a licensed title producer was required to look out for and avoid in the related state court litigation, *Consumer Protection Division v. Michel K. Lewis et al.*, Cir. Ct. of Baltimore City, Md. No. 24-C07-007811. (February 27, 2008), on this and a series of similar transactions involving Adetula and Cornerstone and the Lewis Defendants. In this deposition testimony Adetula he explained this understanding as follows:

> So the first thing that we were told to do was to make sure there was a payoff, make sure there's a payroll, make sure it's being paid off because the last thing you want to do is you want to get a loan for 300,000 or 200,000 and nothing gets paid off. And the property is still going to be foreclosed, but somebody has walked away with almost $200,000. So make sure there's a payoff.
>
> The next thing is to make sure the person is moving out because the PHIFA law only kicks in when the property is leased back to the seller and in which case, it starts to look like a bailout, which lenders have been talking about, you know, tor the longest time anyway. So make sure it's not a bailout, make sure that the person who's selling it is a genuine seller and they're selling the property to this person and they're going to walk away.

> *Make sure there are no bogus entries on the HUD-1, no bogus entries on the HUD-1, everything on the HUDs are genuine* and, as much as possible, if you're not sure, call. And we do that. We call all the time.

Dep. Testimony of S. Adetula, *Consumer Protection Division v. Michel K. Lewis et al.*, Cir. Ct. of Baltimore City, Md. No. 24-C07-007811 (February 27, 2008) at page 329 (attached hereto as **Exhibit 3**) (emphasis added).

Adetula's state court deposition provides further support that the opposition affidavit of Sean Adetula is not reliable and contradicts his true understanding of the transaction and PHIFA.[5] In his deposition, he testified that he was aware that it was important that the HUD-1 be correct and accurate. Yet in his opposition affidavit he claims the HUD-1 for the transaction was merely a preliminary document subject to Ms. Massey's bankruptcy case. Again, since Mr. Adetula's opposition affidavit is contradictory to his previous, contemporaneous deposition testimony, it should be given little or no weight. *Hernandez,* 187 F.3d 432.

**CONCLUSION**

The issue now ripe for the Court's consideration since there is no genuine issue of material fact is whether Cornerstone and Adetula are liable to Ms. Massey pursuant to PHIFA for damages she has a sustained as a result of the subject transaction. The import of this decision is whether the so-called professionals who facilitated the theft of her home are liable for their actions while knowing their actions violated the federal and state laws including the recordation of documents that are prohibited from recordation under PHIFA. Based on the foregoing and her opening motion, Ms. Massey respectfully requests the Court enter partial summary judgment pursuant to Count IV (of her second

[5] It's not relevant for civil liability under PHIFA that Mr. Adetula misunderstood the law and that it in fact applies to more than just lease-back transactions.

amended complaint) that Defendants Adetula, and Cornerstone violated PHIFA and are liable to Ms. Massey for damages, to be determined at trial as allowed by PHIFA.

Respectfully submitted,

*/s/ Phillip R. Robinson*
Phillip R. Robinson, Esquire
Civil Justice, Inc.
520 West Fayette Street
Suite 410
Baltimore, MD 21201
Phone: (410) 706-3196
probinson@civiljusticenetwork.org

*/s/ Scott C. Borison*
Scott C. Borison, Esquire
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703
Phone: (301) 620-1016
Fax: (301) 620-1018
borison@legglaw.com
*Attorneys for Terry Massey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 6th day of January, 2009, a copy of the foregoing was served via this Court's ECF system and/or first-class mail, postage prepaid, upon:

William J. Hickey, Esquire
Robert M. Gittins, Esquire
Law Offices of William J. Hickey, LLC
33 Wood Lane
Rockville, MD 20850
*Attorneys for Cornerstone Title & Escrow, Inc. and Adetula*

I HEREBY FURTHER CERTIFY, that on this 6th day of January, 2009, a copy of the foregoing was served via US Mail, postage prepaid, upon the following pro se defendants:

In the House Technologies
Michael K. Lewis
Earnest Lewis
Cheryl Lynn Brooke
415 Ashaway Lane
Upper Marlboro, MD 20774

______//s//Phillip Robinson__________________
Phillip Robinson