**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND**
**(Baltimore Division)**

TERRY MASSEY               *

      Plaintiff            *

      v.                  *         Case No.: 1-08-cv-00261

EARNEST LEWIS, et al.        *

      Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**FINAL JUDGMENT & ORDER**

The Court having previously determined as a matter of law that Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc. are jointly and severally liable in favor of Ms. Massey pursuant to Count IV of her Second Amended Complaint pursuant to the Protection of Homeowners in Foreclosure Act ("PHIFA"), MD. CODE ANN., REAL PROP. § 7-301 *et seq.* (LexisNexis 2003 & Supp. 2006) (Doc. 93), and having heard the evidence before it on the 30th day of March 2009 at the Court's predetermined trial date for this matter since June 27, 2008, as well as any response (if any) thereto having also been considered by the Court, it is the findings of this Court that:

[1]      Plaintiff Terry Massey has incurred damages as the result of certain prohibited practices, pursuant to PHIFA, carried out by Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc. commencing from April 2006;

[2]      Plaintiff Terry Massey's damages sustained as a result are both economic and non-economic including emotional damages which include the required physical manifestations;

[3]      Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc. conduct and actions related to Plaintiff Terry Massey were willful and knowing violations of PHIFA (pursuant to Md. Ann. Code, Real Prop. § 7-320(c)).

[4]      Plaintiff Terry Massey's actual economic damages (i.e. loss wages; past, present,

and future damage to her credit as a result of the Defendants' fraudulent bankruptcy filed in Ms. Massey's name; and illegal fees paid by Ms. Massey to the Defendants before their foreclosing consultant services were fully performed) equal $75,000; and

[5]     Plaintiff Terry Massey's non-economic damages or emotional damages sustained as a result of the violations of PHIFA against her by Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc. equal $275,000.

In view of the findings of this Court and for the reasons previously stated on the record, it is this 15th day of April 2009,

**ORDERED,** that a judgment of treble damages in favor of Plaintiff Terry Massey in the sum of $225,000 (three times the total of "Finding 4" above) are awarded by this Court to Plaintiff Terry Massey pursuant to MD. ANN. CODE, REAL PROP. § 7-320(c) jointly and severally against Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc.;

**ORDERED,** that an additional judgment of damages in favor of Plaintiff Terry Massey in the sum of $275,000 (total of "Finding 5" above) are awarded by this Court to Plaintiff Terry Massey pursuant to MD. ANN. CODE, REAL PROP. § 7-320(a) jointly and severally against Defendants Earnest Lewis, Michael K. Lewis, Cheryl Brooke, and In the House Technologies Inc.; and

**ORDERED**, that all other claims, except for the claims against Defendant Carteret Mortgage Corporation by Ms. Massey, are hereby dismissed with prejudice.  Since Carteret Mortgage Corporation has not filed an answer in this matter, Ms. Massey's claims against Carteret Mortgage Corporation are dismissed without prejudice.  Counsel for Ms. Massey may also present a petition for attorney fees for this Court's consideration within the guidelines of Local Rule 109.

The CLERK shall mail a copy hereof to all pro se parties and CLOSE THIS CASE.

__/s/_____

Andre M. Davis, District Judge